UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK M.,<br><br>            Plaintiff,<br><br>      v.<br><br>KILOLO KIJAKAZI,<br><br>            Defendant. | Case No. 20-cv-09200-JSC<br><br>**ORDER RE: MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 27 |

Plaintiff's counsel, Harvey Sackett, moves for attorney's fees pursuant to 42 U.S.C. § 406(b) for representing Plaintiff in her successful appeal of the Commissioner of the Social Security Administration's denial of social security disability benefits. (Dkt. No. 27.[1]) After Plaintiff passed away while the matter was on remand, Plaintiff's husband substituted on her behalf under 42 U.S.C. § 216 (d)(5) and Federal Rule of Civil Procedure 25. Having carefully considered Plaintiff's motion and the relevant legal authority, the Court determines oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion for attorney's fees pursuant to Section 406(b).

**BACKGROUND**

This case stems from Plaintiff's appeal of the Social Security Administration's ("SSA's") denial of social security benefits for physical impairments including rotator cuff tears in both shoulders, cervicalgia, chronic neck pain, and chronic pain syndrome. On March 23, 2022, the Court granted Plaintiff's motion for summary judgment, denied Defendant's motion, and remanded for further proceedings. (Dkt. No. 22.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Plaintiff passed away on July 2, 2022. (Dkt. No. 26-1.) Her husband was substituted as the claimant following her death. (Dkt. No. 26-2; Dkt. No. 27-2 at 4.) In March 2023, the Administrative Law Judge found Plaintiff disabled on remand and entitled to a period of disability and Disability Insurance Benefits. (Dkt. No. 27-2 at 4.) On April 25, 2023, Plaintiff was notified his wife was entitled to benefits as of August 2017 and was entitled to a total of $105,599 in retroactive benefits. (Dkt. No. 27-1 at 2.) SSA withheld $26,399.75 from Plaintiff's past due award for attorney's fees as 25 percent of Plaintiff's past-due benefits. (Dkt. No. 27-3 a 2.)

Plaintiff's counsel thereafter filed the now pending motion for attorney's fees for work performed in this Court under Section 406(b). (Dkt. No. 27.) Pursuant to Plaintiff and counsel's contingency fee agreement for this case, counsel may seek fees up to 25 percent of any past-due benefits awarded to Plaintiff. (Dkt. No. 27-4 at 1.) Counsel accordingly requests fees in the amount of $26,399.75 represents 25 percent of Plaintiff's past-due benefits. (Dkt. No. 27-1 at 2.) Plaintiff's counsel served Plaintiff with a copy of the motion. (Dkt. No. 27-8.) The Commissioner filed a response taking "no position on the reasonableness of the request." Because Plaintiff's request for fees was not supported by a declaration, the Court ordered Plaintiff to submit a declaration in accordance with Local Rule 7-5(a). (Dkt. No. 33.) Plaintiff has since done so and filed a reply to the Commissioner's opposition. (Dkt. Nos. 34, 35.)

## LEGAL STANDARD

Section 406(b) provides "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court, for instance, remands for further consideration, the court may calculate the 25 percent fee based upon any past-due benefits awarded on remand. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142, 1144 (9th Cir. 2009) (en banc).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789,

2

807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808-09. The court's review of a fee agreement is based on the character of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151-52.

A court must offset an award of Section 406(b) attorneys' fees by any award of fees granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

**DISCUSSION**

Plaintiff's counsel has demonstrated the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. First, while not dispositive, Plaintiff's and counsel's contingency fee agreement is within the 25 percent threshold permitted under Section 406(b), as the agreement provides counsel will not ask for a fee of more than 25 percent of the total past-due benefits awarded. (Dkt. No. 27-4.) Second, there is no indication a reduction in fees is warranted due to any substandard performance by counsel or that counsel delayed these proceedings in an effort to increase the amount of fees awarded. To the contrary, counsel provided substantial work and achieved favorable results for Plaintiff as he succeeded in having the Court remand this matter for further proceedings. Nor is the amount of fees, $26,399.75 excessive. *See, e.g.*, *Ciletti v. Berryhill*, No. 17-CV-05646-EMC, 2019 WL 144584, at *2 (N.D. Cal. Jan. 9, 2019) (awarding $35,442.00 in fees following an award of $150,993 in past-due benefits); *G.S. v. Kijakazi*, No. 19-CV-07543-JSC, 2022 WL 1452772, at *2 (N.D. Cal. May 9, 2022) (awarding fees in the amount of $30,233 following a past-due benefit 3 award of $120,932); *Eckert v. Berryhill*, No. 15-CV-04461-JCS, 2017 WL 3977379, at *3 (N.D. Cal. Sept. 11, 2017) (awarding $16,566.25 in fees following an award of $66,265 in retroactive benefits); *Devigili v. Berryhill*, No. 15-CV-02237-SI, 2017 WL 2462194, at *2 (N.D. Cal. June 7, 2017) (awarding $15,278.00 in

fees following an award of $76,391.00 in retroactive benefits); *Conner v. Colvin*, No. 13-CV-03324-KAW, 2016 WL 5673297, at *3 (N.D. Cal. Oct. 3, 2016) (awarding $17,746.00 in fees following an award of $94,987.60 in retroactive benefits). Lastly, the Court finds Plaintiff's counsel assumed a substantial risk of not recovering fees when he accepted this case. Plaintiff and counsel entered into the contingency fee agreement prior to the filing of this action. (Dkt. No. 27-4 at 2.) At that time, the SSA had completely denied Plaintiff any requested benefits, and counsel could not know the Court would remand to the Commissioner. Accordingly, the Court finds the amount of requested fees is reasonable.

Plaintiff, however, has cited no authority in support of his request the Court order the SSA to process the attorney's fees payment within 90 days. While the Court is sympathetic to Plaintiff's concerns regarding delayed payments, Plaintiff has offered no basis on which the Court could order payment within a particular time period and the Commissioner insists at least part of the process for issuing payment is outside of SSA's control. (Dkt. No. 29 at 4.) To the extent, Plaintiff disputes this contention, he has offered no evidence to support his argument the fault lies with SSA's internal processing procedures.

## CONCLUSION

For the reasons described above, the Court GRANTS Plaintiff's counsel's motion for fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $26,399.75 payable to Sackett and Associates. Plaintiff's counsel is ordered to refund the previously awarded EAJA fees, in the amount of $5,900 to Plaintiff.

**IT IS SO ORDERED.**

Dated: May 25, 2023

JACQUELINE SCOTT CORLEY
United States District Judge